No. 126,093

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH JAMES CONKLING,
*Appellant*.


SYLLABUS BY THE COURT


1.

Whether a district court violated a defendant's constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), at sentencing raises a question of law subject to unlimited review.


2.

At sentencing, a judge may consider facts reflected in the jury verdict or admitted by the defendant.


3.

Persons sentenced to imprisonment for a sexually violent crime on or after July 1, 2006, when the offender was 18 years of age or older, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life.


Appeal from Bourbon District Court, MARK ALAN WARD, judge. Submitted without oral argument. Opinion filed December 15, 2023. Affirmed.

*Samuel Schirer*, of Kansas Appellate Defender Office, for appellant.

*Brandon D. Cameron*, assistant county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., SCHROEDER and COBLE, JJ.

SCHROEDER, J.: Following Joseph James Conkling's no-contest plea to one count of rape and one count of aggravated indecent liberties with a child, the district court sentenced him to a total of 226 months in prison and imposed lifetime postrelease supervision. Conkling timely appeals, claiming the district court engaged in unconstitutional judicial fact-finding in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), to determine he was over 18 years of age at the time of his crimes and impose lifetime postrelease supervision. Conkling admitted he was 40 years old at the time he was charged shortly after the crimes were committed, and he testified under oath he was 41 years old at the time of his sentencing. We find his multiple admissions of his age sufficient to support the district court's finding that Conkling was over the age of 18 when he committed his crimes without engaging in unconstitutional fact-finding in violation of *Apprendi*, and the district court correctly imposed lifetime postrelease supervision at sentencing. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2021, the State charged Conkling with 98 counts of various sex offenses, including 50 counts of rape, 10 counts of aggravated criminal sodomy, 8 counts of aggravated indecent liberties with a child, and 30 counts of sexual exploitation of a child. Conkling pled no contest to one count of rape in violation of K.S.A. 2021 Supp. 21-5503(a)(1)(A) and one count of aggravated indecent liberties with a child who is 14 or more years of age but less than 16 years of age in violation of K.S.A. 2021 Supp. 21-

5506(b)(1). In exchange for Conkling's plea, the State dismissed the remaining charges. The plea agreement stated Conkling could receive up to 36 months' postrelease supervision related to each charge and he understood the district court was not bound by the terms of the plea agreement.

At the plea hearing, Conkling stated he freely and voluntarily signed the plea agreement. The State provided a factual basis for the charges and included information about the victim's age and date of birth but not Conkling's. Conkling agreed the State's factual recitation was the evidence the State would have presented against him. The district court accepted the factual basis and found Conkling guilty of both charges.

At sentencing, the district court imposed consecutive sentences of 165 months' imprisonment for the rape conviction and 61 months' imprisonment for the aggravated indecent liberties with a child conviction and ordered lifetime postrelease supervision.

ANALYSIS

On appeal, Conkling raises only one issue, claiming the district court violated *Apprendi* by engaging in judicial fact-finding to extend his postrelease supervision to a term of life. Conkling specifically argues the district court's determination he was over the age of 18 when he committed his sexually violent crimes was a factual finding in violation of *Apprendi*. Conkling asks us to vacate his lifetime postrelease sentence and remand the case to the district court to impose a postrelease supervision term of 60 months. The State asserts the district court did not violate *Apprendi* by ordering lifetime postrelease supervision and any constitutional error was harmless.

Although Conkling failed to raise the issue before the district court, the parties agree the issue is properly before us as it is purely a legal question that is determinative of the case and concerns fundamental rights. See *State v. Godfrey*, 301 Kan. 1041, 1043,

3

350 P.3d 1068 (2015). Our appellate courts have addressed the same issue for the first time on appeal on the basis the claim was a purely legal question based on undisputed facts. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014); *State v. Schmeal*, No. 121,221, 2020 WL 3885631, at *8 (Kan. App. 2020) (unpublished opinion). We will address the issue under the same exception.

In *Apprendi*, the United States Supreme Court determined: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. But, in *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), the United States Supreme Court noted, for *Apprendi* purposes, a sentencing judge can consider "facts reflected in the jury verdict or admitted by the defendant." Whether a district court violated a defendant's constitutional rights under *Apprendi* at sentencing raises a question of law subject to unlimited review. *State v. Huey*, 306 Kan. 1005, 1009, 399 P.3d 211 (2017).

K.S.A. 2022 Supp. 22-3717(d)(1)(G)(i) states: "[P]ersons sentenced to imprisonment for a sexually violent crime on or after July 1, 2006, when the offender was 18 years of age or older, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." K.S.A. 2022 Supp. 22-3717(d)(1)(G)(ii) states: "Persons sentenced to imprisonment for a sexually violent crime . . . when the offender was under 18 years of age, and who are released from prison, shall be released to a mandatory period of postrelease supervision for 60 months."

Conkling contends his convictions "did not require proof that he was over the age of 18" when the crimes were committed and a judicial admission regarding his age does not equate to a guilty plea or elemental stipulation. The State responds Conkling filed an application for appointed defense counsel at the beginning of his case stating he was 40

4

years old, later admitted under oath at his plea hearing he was 41 years old, and submitted a signed petition to enter plea agreement stating he was 41 years old.

Conkling acknowledges other panels of this court have rejected similar arguments. See *State v. Entsminger*, No. 124,800, 2023 WL 2467058, at * 8 (Kan. App. 2023) (unpublished opinion), *petition for rev. filed* April 10, 2023; *State v. Reinert*, No. 123,341, 2022 WL 1051976, at *3 (Kan. App.) (unpublished opinion), *rev. denied* 316 Kan. 762 (2022); *State v. Kewish*, No. 121,793, 2021 WL 4352531, at *4 (Kan. App. 2021) (unpublished opinion); *State v. Haynes*, No. 120,533, 2020 WL 741458, at *2-3 (Kan. App. 2020) (unpublished opinion); *Schmeal*, 2020 WL 3885631, at *8-9; *State v. Zapata*, No. 120,529, 2020 WL 741486, at *8-9 (Kan. App. 2020) (unpublished opinion). While these unpublished opinions are not binding on our decision, we find the analyses set forth therein persuasive.

Conkling's admissions lead us to conclude there is no *Apprendi* violation here. In fact, Conkling's admissions are like those in *Haynes*, where Haynes admitted his age (1) in a financial affidavit he signed and submitted to the district court, (2) in his signed plea document, and (3) at the plea hearing itself. 2020 WL 741458, at *3. Here, Conkling filed an application for appointed defense services in October 2021, stating under penalty of perjury he was born in 1981 and was 40 years old. Conkling also submitted a signed petition to enter plea agreement, which stated: "The Defendant represents to the Court: . . . My true name is: JOSEPH JAMES CONKLING and I am 41 years of age." In the plea agreement, Conkling stipulated sufficient facts existed which, if presented to the fact-finder in a trial, could result in convictions for the offenses charged in the State's amended complaint. At the plea hearing, while under oath, the district court directly asked Conkling how old he was, to which Conkling responded, "41." Conkling also completed his offender registration under the Kansas Offender Registration Act, K.S.A. 2022 Supp. 22-4901 et seq., confirming he was born in January 1981.

The record is clear. By Conkling's own admissions, he was over 18 years old when he committed his crimes. The district court's finding that Conkling was over the age of 18 when he committed his crimes did not violate *Apprendi*. As such, we find it unnecessary to reach the State's alternative argument of harmless error.

Affirmed.