NOT DESIGNATED FOR PUBLICATION

No. 126,821

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON KYLE BEDNARZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sumner District Court; WILLIAM R. MOTT, judge. Submitted without oral argument. Opinion filed August 8, 2025. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., ARNOLD-BURGER and GARDNER, JJ.

PER CURIAM: If a person is convicted of a sexually violent crime and the offender is 18 or older, the term of required postrelease supervision is a lifetime. K.S.A. 22-3717(d)(1)(G)(i). Brandon Kyle Bednarz appeals his sentence after pleading guilty to a sexually violent crime. The sole issue is whether he should have been sentenced to lifetime postrelease supervision. He argues, for the first time on appeal, that the district court improperly engaged in judicial fact-finding in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by implicitly finding that he was 18 or older at the time he committed the crime in order to impose the enhanced

1

period of postrelease supervision. Because he raises this issue for the first time on appeal, we decline review and affirm the district court's decision.

FACTUAL AND PROCEDURAL HISTORY

In December 2020, Bednarz entered a guilty plea to one count of aggravated indecent liberties with a child. The charge to which he pleaded guilty alleged that Bednarz had sexual intercourse with a 15-year-old girl whom he was trying to adopt. The victim became pregnant and told authorities that Bednarz was the father of her unborn child.

Based solely on the severity level of Bednarz' crime of conviction, a severity level 3 felony offense, state law mandates that he also be sentenced to postrelease supervision for a term of 36 months. K.S.A. 22-3717(d)(1)(A). But if the conviction is for a sexually violent crime and the offender is 18 or older, the term of postrelease supervision is a lifetime. And if the offender is under the age of 18, the term is 60 months. K.S.A. 22-3717(d)(1)(G)(i) and (ii). Bednarz does not dispute that he was convicted of a sexually violent crime as defined in K.S.A. 22-3717(d)(5)(C).

Pursuant to a plea agreement between Bednarz and the State, Bednarz was sentenced to a standard presumptive prison term of 59 months in prison along with lifetime postrelease supervision. Bednarz concurred with the sentencing recommendations made by the State and set out in the plea agreement. He did not voice any objections to his conviction or sentence at the time of sentencing.

More facts will be set forth as necessary to the legal analysis.

2

Whether a sentencing court violated a defendant's constitutional rights under *Apprendi* raises a question of law subject to unlimited review. *State v. Huey*, 306 Kan. 1005, 1009, 399 P.3d 211 (2017).

In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The "'statutory maximum'" is "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004); see also *United States v. Booker*, 543 U.S. 220, 244, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) (reaffirming *Apprendi*).

Postrelease supervision is undeniably a part of a defendant's sentence. K.S.A. 21-6804(e)(2) ("In presumptive imprisonment cases, the sentencing court shall pronounce the complete sentence which shall include the . . . period of postrelease supervision at the sentencing hearing."); *State v. Mossman*, 294 Kan. 901, 907-08, 281 P.3d 153 (2012). As a result, judicial fact-finding which increases a term of postrelease supervision implicates *Apprendi*, regardless of whether the sentence-elevating fact is an essential element of the offense or placed within the sentencing provisions of the criminal code. See *State v. Bello*, 289 Kan. 191, 199, 211 P.3d 139 (2009).

There is no dispute that Bednarz pled guilty to aggravated indecent liberties with a child. K.S.A. 21-5506(b)(1). The age of the offender is not an element of the crime. So no additional factual findings were necessary regarding Bednarz' age. There is also no dispute that aggravated indecent liberties with a child is a sexually violent crime. K.S.A. 22-3717(d)(5)(C). As such Bednarz faced either lifetime postrelease supervision, if he

was 18 or over at the time of the offense, or 60 months of postrelease supervision if he was under the age of 18 at the time of the offense. K.S.A. 22-3717(d)(1)(G)(i), (ii).

Bednarz argues, for the first time on appeal, that the district court improperly engaged in judicial fact-finding in violation of *Apprendi*, by finding that he was over the age of 18 *for purposes of imposing the enhanced penalty provision of lifetime postrelease supervision* for a sexually violent crime under K.S.A. 22-3717(d)(1)(G)(i) without submitting the question to a jury or obtaining a jury trial waiver on that issue.

Bednarz does not seek to set aside his plea agreement—which resulted in the dismissal of five other felony charges, including two charges of rape, off-grid person felonies for which he faced 25 years to life in prison. K.S.A. 21-6627(a)(1)(B). He does not seek to set aside his conviction, nor his 59-month prison term. He does not seek to set aside the requirement that he serve a period of postrelease supervision, only the term of that supervision. He does not question any of the many documents in the record that indicate he was over the age of 18 at the time of the offense, including the complaint and plea agreement. He asserts only that his postrelease supervision term was constitutionally infirm under *Apprendi*. He asks us to vacate the statutorily mandated lifetime portion of his postrelease supervision requirement and replace it with 60 months, the standard term for someone under the age of 18 who is convicted of a sexually violent crime.

Because Bednarz concedes he is raising this issue for the first time on appeal, we must first determine whether we will exercise our prudential authority to consider it. Complying with Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36) by explaining why he believes the issue is properly before the court, he asserts we should address his new constitutional claim because it raises a purely legal question arising on undisputed facts and involves a fundamental right. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014) (listing three recognized exceptions to the general rule prohibiting issues from being raised for the first time on appeal). In further support, he points out that the

4

Kansas Supreme Court has considered *Apprendi* claims for the first time on appeal under these exceptions in the past. See, e.g., *State v. Gould*, 271 Kan. 394, 404-05, 23 P.3d 801 (2001); *State v. Conley*, 270 Kan. 18, 30-31, 11 P.3d 1147 (2000).

The State offers several reasons why this court should exercise its discretion and decline to review the merits of Bednarz' *Apprendi* claim, the most compelling of which is its contention that Bednarz waived his right to judicial fact-finding by entering a plea of guilty and admitting his age. See *Blakely*, 542 U.S. at 310 ("When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding."). In response, Bednarz asserts that if he is correct regarding the constitutional infirmity in his sentence, he is serving an illegal sentence under K.S.A. 22-3504(a) and that should also be a justification for our consideration of his newly raised claim. That being said, he also recognizes that while the statute allows an illegal sentence to be corrected at any time—including for the first time on appeal—our Kansas Supreme Court has made it clear that the definition of "illegal sentence" does not include a claim that the sentence is illegal because it violates a constitutional provision—including an *Apprendi* violation. *State v. Hayes*, 312 Kan. 865, 868, 481 P.3d 1205 (2021).

But even though the Supreme Court has heard *Apprendi* claims for the first time on appeal before, the Court has repeatedly and more recently stressed that Kansas appellate courts generally do not address legal theories raised for the first time on appeal, even those of a constitutional dimension. *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024). And even if an exception applies, we are under no obligation to review the new claim and we need not provide any reason for the denial. 319 Kan. at 731.

There is a good reason for this rule. Appellate courts are designed to review decisions made by the trial courts, not to serve as forums for introducing new arguments or evidence. This principle ensures that trial courts have the first opportunity to address

and resolve issues, promotes judicial efficiency, and prevents unfair surprises to the opposing party. If exceptions are routinely invoked, the rule becomes meaningless and its goals elusive.

We elect not to consider Bednarz' newly minted appellate challenge to his sentence. Although we are under no obligation to provide a reason for our finding, the burden to convince us we should hear his new claim is on Bednarz. Yet he presents no explanation regarding his failure to raise this issue before the district court except to acknowledge that he failed to do so. If the failure was due to his attorney's failure to inform him of a constitutional right, he could pursue his claim under K.S.A. 60-1507. If having been advised of this right for a jury determination of his age would have caused him to reject the plea agreement, he could move to withdraw his plea under K.S.A. 22-3210(d)(2). In other words, we find it significant that there are other avenues available to pursue his claimed denial of a constitutional right which would give the district court and the State a full opportunity to address his concerns.

Finally, *Apprendi* claims related to sentence enhancements have been widely litigated in Kansas. This would not have been a novel claim to make before the trial court. In fact, the exact claim made here by Bednarz has been ruled upon by our appellate courts multiple times. See *State v. Nunez*, 319 Kan. 351, 356, 554 P.3d 656 (2024) (finding that an *Apprendi* violation could be deemed harmless if the omitted element was uncontested and supported by overwhelming evidence); *State v. Sanders*, 65 Kan. App. 2d 236, 253, 563 P.3d 234 (2025) (citing *Nunez*, held that *Apprendi* error harmless when evidence of defendant's age is presented and undisputed); *State v. Conkling*, 63 Kan. App. 2d 841, 844, 540 P.3d 414 (2023), *rev. denied* 318 Kan. 1087, *cert. denied* 145 S. Ct. 415 (2024) (finding no *Apprendi* violation when defendant admitted age in signed plea agreement and financial affidavit, and listing several unpublished cases that have rejected defendant's argument); *State v. Duckworth*, No. 126,677, 2024 WL 4579265, at *5-6 (Kan. App. 2024) (unpublished opinion) (Assuming *Apprendi* error occurred, it was

6

harmless when defendant did not contest his age, it was easily provable, and he does not contend that his defense was related to his age.). Simply allowing any party to raise new issues on appeal with no explanation for their failure to do so before the trial court or their failure to establish the lack of any other available remedy will allow the exceptions to overcome the rule. It deprives the trial courts of the first opportunity to address and resolve issues, obstructs judicial efficiency, and encourages unfair surprises to the opposing party.

Accordingly, we find Bednarz has not preserved the challenge to the constitutionality of his sentence for appellate review, and we affirm his sentence.

Affirmed.