Nos. 128,002
128,003

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JACOB MICHAEL JELINEK,
*Appellant*.

SYLLABUS BY THE COURT

1.

A defendant receives one day of credit for each day spent incarcerated pending disposition of their case, even if they received an allowance for some or all that time against a sentence in another case.

2.

Kansas appellate courts generally do not address legal theories raised for the first time on appeal, even those of a constitutional dimension. And even if a recognized exception to this general rule may apply, we are under no obligation to review the new claim and we need to provide no reason for the denial.

3.

Appellate courts are designed to review decisions made by the trial courts, not to serve as forums for introducing new arguments or evidence. This principle ensures that trial courts have the first opportunity to address and resolve issues, promotes judicial efficiency, and prevents unfair surprises to the opposing party.

1

4.

Allowing a party to raise new issues on appeal with no explanation for their failure to do so before the trial court or their failure to establish the lack of any other available remedy will allow the exceptions to overcome the rule. If exceptions are routinely invoked, the rule becomes meaningless and its goals elusive.

Appeal from Sedgwick District Court; CHRISTOPHER MAGANA, judge. Submitted without oral argument. Opinion filed September 12, 2025. Affirmed in part, vacated in part, and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

ARNOLD-BURGER, J.: Jacob Michael Jelinek pleaded guilty to three charges of sexual exploitation of a child in Sedgwick County case Nos. 23CR1729 (Case 1) and 24CR446 (Case 2). The district court sentenced him to a controlling prison term of 183 months and imposed a statutorily mandated term of lifetime postrelease supervision because Jelinek admitted to being over 18 years old at the time he committed the offenses. The court also declined to award 135 days of jail credit against the sentence imposed in Case 2 because Jelinek was also being held on the charges in Case 1 during that time. Jelinek timely appealed.

After we docketed Jelinek's appeal, the Kansas Supreme Court issued *State v. Ervin*, 320 Kan. 287, Syl. ¶ 12, 566 P.3d 481 (2025), ruling that offenders are entitled to receive jail credit for all time served regardless of whether they received an allowance for that time against a sentence in another case. Thus, we must vacate and remand this case

to the district court with directions to enter an amended journal entry in Case 2 awarding Jelinek jail credit against that sentence, consistent with *Ervin*. We affirm the lifetime postrelease supervision term ordered by the court.

FACTUAL AND PROCEDURAL HISTORY

In August 2023, the State charged Jelinek with four counts of sexual exploitation of a child in Sedgwick County Case 1, stemming from allegations that his then-girlfriend discovered sexually explicit images of children under the age of 18 on Jelinek's cellphone. In late December 2023, Jelinek posted an appearance bond and was released from custody pending trial.

In February 2024, the district court revoked Jelinek's bond in Case 1, in part because he allegedly committed a new offense. In March 2024, the State filed a complaint charging Jelinek with an additional off-grid felony count of sexual exploitation of a child in Sedgwick County, Case 2. This new charge stemmed from Jelinek allegedly sharing similar images as alleged in Case 1 over the internet in January 2024.

Jelinek ultimately agreed to plead guilty to two of the charges for sexual exploitation of a child in Case 1 and an amended charge in Case 2. In exchange, the State agreed to dismiss all other charges, including charges in another case not at issue in this appeal. As for sentencing, the State agreed to recommend concurrent sentences for the charges in Case 1 and for the sentence in Case 2 to run consecutive, while the parties would jointly recommend the top number the appropriate grid box for each offense. The plea agreement also contained provisions stating that Jelinek "acknowledges being 18 years of age or older at the time of the offenses," and that he "has been advised these are cases requiring lifetime post-release supervision per K.S.A. 22-3717(d)(1)(G) & (d)(5)."

3

At the plea hearing, the district court began the plea colloquy by confirming Jelinek was 33 years old. The court confirmed that Jelinek was not under the influence of drugs or alcohol and was in the right frame of mind to make major life decisions. Jelinek agreed that he had fully discussed the charges and his constitutional rights with his attorney and was satisfied with her services. Jelinek confirmed he understood he was admitting the facts alleged in the complaint by pleading guilty and giving up his constitutional rights, including the right to a jury trial. The State read the terms of the plea agreement into the record, which Jelinek confirmed he understood and that it was in his best interest. The court further confirmed that Jelinek understood the maximum penalties, including that he would be subject to lifetime postrelease supervision for each count. Jelinek agreed that he read and signed the acknowledgment of rights and entry of plea form after discussing it with his attorney, and that he had no questions. Jelinek confirmed he freely and voluntarily made the decision to plead guilty and give up his constitutional rights. For the factual basis, the district court read the charges in the complaints, which Jelinek admitted to being true. Thus, the court accepted Jelinek's plea after finding he had freely, voluntarily, and intelligently waived his rights and found him guilty of the offenses.

At sentencing, Jelinek agreed that his criminal history score was D in Case 1 and B in Case 2. The parties recommended the district court follow the terms of the plea agreement when imposing a sentence, during which Jelinek's counsel acknowledged he would be subject to lifetime postrelease supervision. The court followed the parties' recommendations, imposing concurrent sentences of 55 months in prison and 34 months in prison on the convictions in Case 1. The court also imposed a sentence of 128 months in prison on the conviction in Case 2, to run consecutive to the sentences in Case 1. The court also imposed lifetime postrelease supervision for all three offenses.

The journal entry of judgment in Case 1 reflected that Jelinek was awarded 281 days of jail credit for time he spent in jail from August 14, 2023, to December 12, 2023,

4

and then from February 15, 2024, to July 15, 2024. The journal entry of judgment in Case 2 reflected that Jelinek was awarded no jail credit for 135 days he spent in jail between March 12, 2024, and July 15, 2024, because he was "also held on [Case 1]" during that time.

Jelinek timely appealed.

ANALYSIS

1. *The district court erred in failing to award jail credit in Case 2.*

Jelinek first argues the district court erred in awarding him jail credit for time spent in custody solely against the sentence in Case 1.

The right to jail time credit in Kansas is statutory, governed by K.S.A. 21-6615(a), which states that when a defendant is convicted and sentenced to confinement, that sentence should be computed to "reflect . . . an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." Statutory interpretation presents a question of law over which this court conducts an unlimited review. *State v. Davis*, 312 Kan. 259, 267, 474 P.3d 722 (2020).

Jelinek argues for the first time on appeal that the Kansas Supreme Court's decision in *State v. Hopkins*, 317 Kan. 652, 657, 537 P.3d 845 (2023), entitles him to relief. The State relies on *State v. Feikert*, 64 Kan. App. 2d 503, Syl. ¶ 2, 533 P.3d 344 (2024) (finding that the 2022 version of the jail credit statute only entitles offenders to a single day of jail credit for each day spent in jail while a case is pending, but not to duplicative jail credit in multiple cases when consecutive prison sentences are imposed).

But our Supreme Court's recent decision in *Ervin*—which occurred after both parties submitted their appellate briefs—disapproved of this court's analysis in *Feikert* and held that K.S.A. 21-6615 requires the district court to "award an allowance for all time spent incarcerated 'pending the disposition of the defendant's case.'" *Ervin*, 320 Kan. at 311-12; *State v. Feikert*, No. 126,505 (Kan. S. Ct. order filed June 20, 2025). This means a defendant receives one day of credit for each day spent incarcerated pending disposition of their case, even if they "received an allowance for some or all that time against a sentence in another case." *Ervin*, 320 Kan. at 311-12.

Resolution of this issue is mandated by our Supreme Court's decision in *Ervin* because we are duty bound to follow Supreme Court precedent, absent some indication of a departure. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Based on the plain language of K.S.A. 21-6615, as recently interpreted by our Supreme Court in *Ervin*, Jelinek is correct that the district court was required to award an allowance for all time spent incarcerated pending the disposition of his case, even if that would result in duplicative credit. So Jelinek is entitled to receive 135 days of jail credit against his sentence in Case 2, beginning with his arrest on that charge, because he spent that time in jail pending disposition of the case. Accordingly, we must vacate the district court's denial of jail credit and remand with directions to enter an amended journal entry of judgment in Case 2 awarding Jelinek jail credit in that case, consistent with *Ervin*.

2.    *Jelinek has failed to preserve his challenge to his term of lifetime postrelease supervision, and we elect not to consider it.*

In his second issue, Jelinek argues for the first time on appeal that the district court improperly engaged in judicial fact-finding in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by increasing his term of postrelease supervision to lifetime because he was over 18 years old when he committed his crime of conviction.

Since Jelinek is challenging his lifetime postrelease supervision term for the first time on appeal, we must first determine whether to exercise our prudential authority to consider this unpreserved constitutional claim. Under Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36), Jelinek asserts the issue is properly before the court because it raises a purely legal question arising on undisputed or admitted facts and involves a fundamental right. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014) (listing three recognized exceptions to the general rule prohibiting issues from being raised for the first time on appeal). Although he points out that Kansas appellate courts have addressed identical claims under these exceptions, Jelinek offers no additional explanation beyond citing some cases as examples. See, e.g., *State v. Conley*, 270 Kan. 18, 30-31, 11 P.3d 1147 (2000); *State v. Conkling*, 63 Kan. App. 2d 841, 844, 540 P.3d 414 (2023), *rev. denied* 318 Kan. 1087, *cert. denied* 145 S. Ct. 415 (2024) (finding no *Apprendi* violation when defendant admitted age in signed plea agreement and financial affidavit and listing several unpublished cases that have rejected defendant's argument).

Even though the Supreme Court has addressed *Apprendi* challenges to lifetime postrelease supervision terms based on the offender's age for the first time on appeal, the Supreme Court has repeatedly and more recently stressed that Kansas appellate courts generally do not address legal theories raised for the first time on appeal, even those of a constitutional dimension. *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024). And even if a recognized exception to this general rule may apply, we are under no obligation to review the new claim and we need to provide no reason for the denial. 319 Kan. at 730.

There is a good reason for this rule. Appellate courts are designed to review decisions made by the trial courts, not to serve as forums for introducing new arguments or evidence. This principle ensures that trial courts have the first opportunity to address and resolve issues, promotes judicial efficiency, and prevents unfair surprises to the opposing party.

We elect not to consider Jelinek's newly minted appellate challenge to his sentence. Although we are under no obligation to provide a reason for our finding, the burden to convince us we should hear his new claim is on Jelinek. Yet he presents no explanation regarding his failure to raise this issue before the district court except to acknowledge that he failed to do so. If the failure was due to his attorney's failure to inform him of a constitutional right, he could pursue his claim under K.S.A. 60-1507. If having been advised of this right for a jury determination of his age would have caused him to reject the plea agreement, he could move to withdraw his plea under K.S.A. 22-3210(d)(2). In other words, we find it significant that there are other avenues available to pursue his claimed denial of a constitutional right which would give the district court and the State a full opportunity to address his concerns.

Finally, *Apprendi* claims related to sentence enhancements have been widely litigated in Kansas. This would not have been a novel claim to make before the trial court. In fact, the exact claim made here by Jelinek has been ruled upon by our appellate courts multiple times. See *State v. Nunez*, 319 Kan. 351, 356, 554 P.3d 656 (2024) (finding that an *Apprendi* violation could be deemed harmless if the omitted element was uncontested and supported by overwhelming evidence); *State v. Sanders*, 65 Kan. App. 2d 236, 253, 563 P.3d 234 (2025) (citing *Nunez*, held that *Apprendi* error harmless when evidence of defendant's age is presented and undisputed); *Conkling*, 63 Kan. App. 2d at 844 (finding no *Apprendi* violation when defendant admitted age in signed plea agreement and financial affidavit, and listing several unpublished cases that have rejected defendant's argument); *State v. Duckworth*, No. 126,677, 2024 WL 4579265, at *5-6 (Kan. App. 2024) (unpublished opinion) (Assuming *Apprendi* error occurred, it was harmless when defendant did not contest his age, it was easily provable, and he does not contend that his defense was related to his age.). Simply allowing any party to raise new issues on appeal with no explanation for their failure to do so before the trial court or their failure to establish the lack of any other available remedy will allow the exceptions

to overcome the rule. If exceptions are routinely invoked, the rule becomes meaningless and its goals elusive.

This conviction resulted from a plea. Jelinek provides no reason for not raising this issue at the time of his plea, although the issue was clearly not a new or novel one. We find Jelinek has failed to preserve his constitutional challenge to the lifetime postrelease supervision term and decline to consider this unpreserved issue. We affirm this aspect of his sentence.

We vacate the sentence on Case 2 and remand the case to provide jail credit consistent with this opinion. The sentence in Case 1 is affirmed, and we affirm the district court's order of lifetime postrelease supervision.

Affirmed in part, vacated in part, and remanded with directions.