NOT DESIGNATED FOR PUBLICATION

No. 127,570

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARDI TEROME SUGGS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; RICHARD MARQUEZ, judge. Submitted without oral argument. Opinion filed September 19, 2025. Affirmed in part, vacated in part, and remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

No appearance by appellee.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

PER CURIAM:  Mardi T. Suggs appeals from his sentence after being convicted of indecent solicitation of a child. The district court sentenced him to 76 months in prison with lifetime postrelease supervision. Although Suggs requested 612 days of jail time credit, the district court denied this request. On appeal, Suggs contends that the district court erred in sentencing him to lifetime postrelease supervision. In addition, Suggs contends that he is entitled to jail time credit under K.S.A. 21-6615 for the days in which he was incarcerated pending the disposition of this case.

1

As to the first issue, we decline to consider Suggs' argument because it was not preserved for appeal. As to the second issue, we find that Suggs' claim for jail time credit is controlled by the Kansas Supreme Court's recent decision in *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025). As a result, we find that Suggs should receive jail time credit in this case. Thus, we affirm the lifetime postrelease supervision term imposed by the district court, we vacate the district court's award of jail time credit, and we remand this matter for a determination of the proper amount of credit to be awarded in light of the holding in *Ervin*.

FACTS

The parties are familiar with the facts and the procedural history of the underlying criminal case, and we need not repeat them in detail here. Significant to the limited issues presented on appeal, the State initially charged Suggs with one count each of attempted rape, aggravated sexual battery, interference with law enforcement, possession of marijuana, and possession of drug paraphernalia. Ultimately, Suggs entered into a plea agreement with the State and pled no contest to a reduced charge of indecent solicitation of a child.

In the Acknowledgment of Rights and Entry of Plea signed by Suggs, he represented that he was 60 years old and that he was born in 1963. He also represented that he had completed 14 years of education, that he could read and write English, that he was in full control of his mental faculties, and that he understood the terms of the plea agreement. Likewise, Suggs represented that his no contest plea constituted "an admission that the State of Kansas has sufficient evidence to prove my guilt and that I will not contest such evidence."

At his sentencing hearing, Suggs did not contest his criminal history score, his offender registration term, or his presumptive prison sentence. So, the district court

sentenced him to 76 months in prison to be followed by lifetime postrelease supervision. But the district court declined Suggs' request to be awarded 612 days of jail time credit for the time he was incarcerated pending disposition of this case. In making this determination, the district court expressed hesitation to award Suggs jail credit because he was facing a pending parole violation in Wisconsin.

Thereafter, Suggs filed a timely notice of appeal.

ANALYSIS

*Imposition of Lifetime Postrelease Supervision*

The first issue presented on appeal is whether the district court improperly engaged in judicial factfinding—in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)—when it sentenced him to lifetime postrelease supervision. Suggs argues that the district court erred by finding that he was over the age of 18 for purposes of imposing the enhanced penalty provision of lifetime postrelease supervision under K.S.A. 22-3717(d)(1)(G)(i) without either submitting the question of his age to a jury or obtaining a jury trial waiver. But Suggs concedes that he did not challenge the length of his postrelease supervision before the district court.

At the outset, we must determine whether we will exercise our prudential authority to consider this issue for the first time on appeal. In an attempt to comply with Kansas Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36), Suggs asserts that we should address this issue because it presents a purely legal question arising on undisputed facts and involves a fundamental right. See *State v. Gonzalez*, 311 Kan. 281, 295, 460 P.3d 348 (2020). He also notes that Kansas appellate courts have considered *Apprendi* issues for the first time on appeal under these exceptions in the past. See *State v. Conley*, 270 Kan.

3

18, 30-31, 11 P.3d 1147 (2000); *State v. Conkling*, 63 Kan. App. 2d 841, 843, 540 P. 3d 414 (2023), *rev. denied* 318 Kan. 1087, *cert. denied* 145 S. Ct. 415 (2024).

Even so, our Supreme Court has stressed that Kansas appellate courts generally do not address legal issues raised for the first time on appeal, even those of a constitutional nature. *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024). Likewise, even if an exception applies, we are under no obligation to review an issue that was not presented to the district court. 319 Kan. at 731. This is because appellate courts are primarily designed to review decisions made by district courts and are not to serve as forums for introducing new issues or arguments.

As this panel held in *State v. Jelinek*, 66 Kan. App. 2d ___, 2025 WL 2630095, at *4 (2025):

> "Even though the [Kansas] Supreme Court has addressed *Apprendi* challenges to lifetime postrelease supervision terms based on the offender's age for the first time on appeal, the Supreme Court has repeatedly and more recently stressed that Kansas appellate courts generally do not address legal theories raised for the first time on appeal, even those of a constitutional dimension. *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024). And even if a recognized exception to this general rule may apply, we are under no obligation to review the new claim and we need to provide no reason for the denial. 319 Kan. at 730."

There is a good reason for this rule. Appellate courts are designed to review decisions made by the trial courts, not to serve as forums for introducing new arguments or evidence. This principle ensures that trial courts have the first opportunity to address and resolve issues, promotes judicial efficiency, and prevents unfair surprises to the opposing party. If exceptions are routinely invoked, the rule becomes meaningless and its goals elusive.

4

Based on our review of the record on appeal, we elect not to consider Suggs' challenge to being ordered to serve lifetime postrelease supervision. Although we are under no obligation to provide a reason for this decision, we note that the burden to convince us we should hear this new issue falls upon Suggs. But he presents no explanation in his brief regarding the reason that he failed to raise this issue before the district court where it could have been more adequately addressed.

Even though we will not speculate regarding the reason Suggs failed to present this issue below, we note that other remedies may be available to him that would provide the district court with the opportunity to consider this issue after hearing from both parties. For example, he may be able to pursue this issue under K.S.A. 60-1507 or under K.S.A. 22-3210(d)(2). We also note that this is not a novel issue. Rather, similar *Apprendi* issues related to sentence enhancements have been litigated in Kansas on multiple occasions. See *State v. Nunez*, 319 Kan. 351, 356, 554 P.3d 656 (2024); *State v. Sanders*, 65 Kan. App. 2d 236, 253, 563 P.3d 234 (2025); *Conkling*, 63 Kan. App. 2d at 844; *State v. Duckworth*, No. 126,677, 2024 WL 4579265, at *5-6 (Kan. App. 2024) (unpublished opinion).

In conclusion, we find that simply allowing a party to raise new issues on appeal with no explanation for their failure to first present the issue to the district court does not serve the interests of justice. This is particularly true when—as here—there is no assertion that other potential remedies are unavailable to Suggs. Accordingly, we decline Suggs' invitation to consider this issue for the first time on appeal.

*Failure to Award Jail Time Credit*

The second issue presented in this appeal is whether Suggs is entitled to receive jail time credit for the time he was incarcerated pending the disposition of this case under K.S.A. 21-6615(a). Unlike the first issue that was not presented to the district court,

Suggs argued at the sentencing hearing that he is entitled to jail time credit based on the holding of *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023). Hence, preservation is not an issue. Furthermore, we note that the State has not filed a brief or otherwise weighed in on this issue.

Suggs was arrested on the current charge on the same day it occurred, July 4, 2022. He remained in custody on this charge through his sentencing date of March 8, 2024, or 614 days. He also had a hold from Wisconsin for a parole violation, but he had not yet been heard on the parole violations in Wisconsin. The district judge found that because Suggs was "going to be given credit for time served out of Wisconsin, I'm not going to give him credit for time served here." When counsel questioned how the court knew that Suggs was going to get credit in Wisconsin, the judge responded that he believed they would have to because "the hold trumps what's going on here."

In Kansas, the right to jail time credit is controlled by K.S.A. 21-6615(a), which provides:

> "In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established *to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case*." (Emphasis added.)

Under the plain language of the statute, Suggs was being held on the current case the entire time, with only a warrant hold out of Wisconsin for an eventual parole revocation hearing there. Accordingly, he was entitled to credit for all the time he spent in jail on the current case.

6

In *State v. Ervin*—which was decided while this appeal was pending—the Kansas Supreme Court found that K.S.A. 21-6615(a) requires a district court to award all of the time a defendant spent incarcerated pending the disposition of a criminal case. Our Supreme Court went on to hold that the plain language of the statute compels district judges to "award one day of credit for each day that [a defendant] was incarcerated pending disposition of [a criminal] case regardless of whether [the defendant] received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12. Although *Ervin* makes clear that even if the judge were correct that Suggs would eventually get credit for the time in Wisconsin, he was nevertheless entitled to credit on the current case. Hence, we conclude that the district court's ruling denying Suggs' request for jail time credit must be vacated.

We, therefore, affirm the district court's order of lifetime postrelease supervision. Furthermore, we vacate the district court's sentence on jail time credit, and we remand this matter to the district court for a determination of the appropriate amount of credit to be awarded to Suggs under K.S.A. 21-6615(a) as interpreted in *Ervin*.

Affirmed in part, vacated in part, and remanded with directions.