NOT DESIGNATED FOR PUBLICATION

No. 128,015

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DENNIS RAY TORRENCE JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Submitted without oral argument. Opinion filed October 31, 2025. Affirmed.

*Lindsay Kornegay*, of Kansas Appellate Defender Office, for appellant.

*Carissa Brinker*, assistant county attorney, *Amy L. Aranda*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., HURST, J., and JACOB PETERSON, District Judge, assigned.

PER CURIAM: Dennis Ray Torrence Jr. entered an *Alford* plea to one count of indecent solicitation of a child, and one count of attempted indecent liberties with a child. The district court sentenced Torrence to 59 months of imprisonment and ordered Torrence to lifetime postrelease supervision. Torrence argues, for the first time on appeal, that his sentence is unconstitutional under *Apprendi* because a jury did not make a determination that he was 18 or older and he did not knowingly and voluntarily waive his right to a jury trial on that fact. Because we decline to consider Torrence's unpreserved claim, we affirm the district court.

1

## FACTUAL AND PROCEDURAL HISTORY

On April 10, 2024, Torrence entered an *Alford* plea to one count of attempted indecent liberties with a child, and one count of indecent solicitation of a child, with the State dismissing all other charges with prejudice. See *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."). Upon conviction, Torrence faced either lifetime postrelease supervision, if he was 18 or over at the time of the offense, or 60 months of postrelease supervision if he was under the age of 18 at the time of the offense. See K.S.A. 22-3717(d)(1)(G)(i), (ii).

The court conducted the plea colloquy and reviewed the defendant's rights. The court accepted Torrence's plea, finding that he entered into it freely and voluntarily. The plea agreement contained a statement, signed by Torrence, that he was 38 years old. At the subsequent sentencing hearing, the court reviewed the presentence investigation report that listed Torrence's date of birth as January 31, 1986, and the court asked for any modifications or challenges to the report. Both parties referred to a jail credit issue, and Torrence's counsel stated the following:

> "Mr. Torrence did indicate he had some questions regarding the lifetime post release, but he's indicated to me, based upon our discussion before the Court came to the bench, that he's ready to proceed."

Prior to the court announcing its sentence, State's counsel explained:

> "As for the post-release, currently under the statute lifetime post-release is appropriate in the case. There is case law out there that is contradictory, but I don't believe that there's anything finalized, so I believe at this point in time lifetime post-

2

release controls under the statute. And while that may be changed later, at this time it's still."

The district court sentenced Torrence to 46 months' imprisonment for indecent solicitation of a child and 13 months' imprisonment for attempted indecent liberties with a child; for a total of 59 months' imprisonment. The district court also imposed lifetime postrelease supervision under K.S.A. 22-3717(d)(1)(G)(i).

Torrence appeals his sentence.

ANALYSIS

Torrence is challenging his lifetime postrelease supervision term for the first time on appeal. He does not challenge the district court's findings that his crimes were sexual in nature, nor does he argue that his term of postrelease supervision is inappropriate or illegal based on his convictions. His sole claim is that the district court improperly engaged in judicial fact-finding in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by increasing his term of postrelease supervision to lifetime because he was over 18 years old when he committed his crimes of conviction. He asks this court to vacate the lifetime portion of his postrelease supervision requirement and issue orders for the district court to replace it with 60 months.

But issues not raised before the district court cannot be raised on appeal. *State v. Keys*, 315 Kan. 690, 696, 510 P.3d 706 (2022). So appellants are required by rules adopted by the Kansas Supreme Court to advise the appellate court in their brief if the issue they are raising was raised and ruled on in the district court by providing a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. If the issue was not raised, there must be an explanation why the issue is properly before

3

the appellate court. Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36). An appellant's duty to comply with this rule and this court's duty to address whether an issue has been properly preserved, is not contingent on the appellee objecting to preservation of an issue. It is incumbent on the proponent of the newly asserted claim to convince this court that the issue is properly before it and they fail to do so at their own peril. See *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015).

In other words, an appellee's failure to expressly object to preservation in its brief, instead arguing the merits of the newly asserted claim, does not change the result. While, generally speaking, courts take issues as they are presented by the parties, preservation is a well-established court-driven or prudential rule that "ensures that trial courts have the first opportunity to address and resolve issues, promotes judicial efficiency, and prevents unfair surprises to the opposing party." *State v. Jelinek*, 66 Kan. App. 2d ___, 2025 WL 2630095, at *4 (2025). And our Supreme Court has made it clear that this court is not to ignore this prudential rule simply because the parties may agree that an unpreserved issue should be considered or because it is "lured into exploring uncharted legal frontiers." See *State v. Scheetz*, 318 Kan. 48, 61-62, 541 P.3d 79 (2024).

That being said, because preservation is a prudential rule, rather than a jurisdictional bar, the Kansas Supreme Court has recognized several exceptions, including: (1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the question is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court was right for the wrong reason. *Godfrey*, 301 Kan. at 1043. But even if an exception applies, the court may still decline to review the newly asserted claim without explanation. *State v. Mendez*, 319 Kan. 718, 730-31, 559 P.3d 792 (2024).

We elect not to consider Torrence's newly minted appellate challenge to his sentence of lifetime postrelease supervision. Although we are under no obligation to

4

provide a reason for our decision, the burden to convince us that we should hear his new claim is on Torrence. Yet he presents no explanation regarding his failure to raise this issue before the district court except to acknowledge that he failed to do so. Although Torrence correctly points out that our appellate courts have considered *Apprendi* issues such as this one for the first time on appeal in the past, there can be no denying that the issue he raises here is neither new nor novel. See *State v. Nunez*, 319 Kan. 351, 356, 554 P.3d 656 (2024) (finding that an *Apprendi* violation could be deemed harmless if the omitted element was uncontested and supported by overwhelming evidence); *State v. Sanders*, 65 Kan. App. 2d 236, 253, 563 P.3d 234 (2025) (citing *Nunez*, 319 Kan. at 356, held that *Apprendi* error harmless when evidence of defendant's age is presented and undisputed); *State v. Conkling*, 63 Kan. App. 2d 841, 844-45, 540 P.3d 414 (2023) (finding no *Apprendi* violation when defendant admitted age in application for appointed defense services, in signed petition to enter plea agreement, at plea hearing while under oath, and in completing offender registration, and listing several unpublished cases that have rejected defendant's argument).

Moreover, there are other avenues for Torrence to pursue this issue. As already noted, it appears from the record of appeal that he specifically discussed the issue of postrelease supervision with his attorney. If the failure to raise this *Apprendi* issue was because of his attorney's failure to inform him of a constitutional right, he could pursue his claim under K.S.A. 60-1507. If having been advised of this right for a jury determination of his age would have caused him to reject the plea agreement, under certain circumstances, he could move to withdraw his plea under K.S.A. 22-3210(d)(2). In other words, we find it significant that there are other avenues available to pursue his claimed denial of a constitutional right that would give the district court and the State a full opportunity to address his concerns.

For these reasons, we elect not to consider Torrence's claim of error in the imposition of a lifetime postrelease supervision term for the first time on appeal.

Affirmed.