NOT DESIGNATED FOR PUBLICATION

No. 127,501

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LLOYD A. DAVIS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER MAGANA, judge. Submitted without oral argument. Opinion filed December 19, 2025. Appeal dismissed.

*Andrew J. McGowan*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, deputy district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before CLINE, P.J., BRUNS and COBLE, JJ.


PER CURIAM: After plea negotiations, Lloyd A. Davis pled guilty to one count of aggravated assault. At sentencing, Davis objected to his criminal history score, arguing that he was not represented by counsel in three prior City of Wichita misdemeanor cases that were aggregated to result in a criminal history score of C. Although the district court placed him on probation, Davis appeals his sentence and contends that the district court violated his Sixth Amendment rights under the United States Constitution by improperly engaging in judicial fact-finding to determine his criminal history score. Finding that this issue was not preserved below, we dismiss this appeal.

1

In light of the limited issue presented on appeal relating to sentencing, we will briefly summarize the underlying facts. On March 25, 2022, the State charged Davis with one count of aggravated assault with a deadly weapon. After plea negotiations, Davis pled guilty to an amended charge of aggravated assault without a deadly weapon in violation of K.S.A. 2021 Supp. 21-5412(b)(3). Consistent with the information in the plea agreement, the presentence investigation report showed Davis' criminal history score to be C, based—at least in part—on the aggregation of three misdemeanor convictions from Wichita Municipal Court to create a felony conviction for scoring purposes.

Before sentencing, Davis filed an objection to his criminal history score under K.S.A. 21-6814(c). In the motion, he argued that none of the municipal court convictions should be used in calculating his criminal history score because he was not represented by counsel. As a result, Davis argued that his criminal history score should be G rather than C. At a hearing on the motion, the State introduced certified copies of the three misdemeanor judgments and related documents that were admitted into evidence to support its assertion that Davis either had counsel or waived the right to counsel in each of the municipal court misdemeanor cases.

At the conclusion of the hearing, the district court found that the State had met its burden to show, by a preponderance of the evidence, that Davis either had an attorney or waived his right to an attorney in the three municipal court cases. The court therefore concluded that Davis' criminal history score was C. Significant to the issue presented in this appeal, we note that Davis did not object to the district court's ruling on the basis that it violated his Sixth Amendment rights by engaging in judicial fact-finding. Subsequently, the district court sentenced Davis to 27 months in prison but suspended the sentence and placed him on probation for 24 months. Thereafter, Davis filed a timely notice of appeal from his sentence.

ANALYSIS

For the first time on appeal, Davis argues that the district court violated his Sixth Amendment rights by engaging in judicial fact-finding to determine his criminal history score in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). See also *Erlinger v. United States*, 602 U.S. 821, 834, 144 S. Ct. 1840, 219 L. Ed. 2d 451 (2024). At the outset, we note that this appeal comes to this panel in a unique procedural posture. Initially, Davis filed a motion for summary disposition of a sentencing appeal pursuant to Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). On November 22, 2024, the appeal was dismissed for lack of appellate jurisdiction. But Davis filed a motion for rehearing or modification that was granted, and the order of dismissal was rescinded.

Even if we assume that we have appellate jurisdiction over Davis' new argument that the district court violated his Sixth Amendment rights by engaging in judicial fact-finding, he must also show why we should consider this issue for the first time on appeal. In Kansas, constitutional grounds for reversal asserted for the first time on appeal are not—as a general rule—properly reviewable by our appellate courts. See *State v. Holley*, 315 Kan. 512, 524, 509 P.3d 542 (2022). Consequently, we must determine whether to exercise our prudential authority to consider this unpreserved constitutional claim.

Even though Davis objected to his criminal history score on other grounds below, he acknowledges that his Sixth Amendment claim was not asserted before the district court. Nevertheless, Davis claims an exception to the general rule set forth in Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36). In particular, he suggests that this new issue is properly before us because it raises a pure question of law and involves a fundamental right. See *State v. Robison*, 314 Kan. 245, 247-48, 496 P.3d 892 (2021). But Davis offers no explanation as to why he did not raise this issue before the district court. Instead, he simply cites previous caselaw in which Kansas appellate courts have

3

addressed *Apprendi* issues for the first time on appeal. See, e.g., *State v. Conley*, 270 Kan. 18, 30-31, 11 P.3d 1147 (2000); *State v. Conkling*, 63 Kan. App. 2d 841, 844, 540 P.3d 414 (2023), *rev. denied* 318 Kan. 1087, *cert. denied* 145 S. Ct. 415 (2024). Of course, there are also cases in which Kansas appellate courts did not address an *Apprendi* issue for the first time on appeal. See, e.g., *State v. J.L.J.*, 318 Kan. 720, 740-41, 547 P.3d 501 (2024); *State v. Vonachen*, 312 Kan. 451, 469, 476 P.3d 774 (2020).

As the Kansas Supreme Court has emphasized, Kansas appellate courts generally do not address legal theories raised for the first time on appeal, even those of a constitutional dimension. *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024). In *Mendez*, our Supreme Court explained that even if an exception to the general rule applies, Kansas appellate courts are not required to review the new issue or argument for the first time on appeal. Furthermore, Kansas appellate courts are not required to provide a reason for deciding not to do so. 319 Kan. at 730.

Here, as indicated above, Davis presents no explanation regarding his failure to raise this issue before the district court. Rather, he simply acknowledges that he failed to do so. Moreover, Davis did not even raise this issue when he docketed his appeal. Instead, he chose to submit this appeal for summary disposition based on the fact that he received a presumptive sentence. Even though Davis claims that his *Apprendi* argument is somehow novel, the *Apprendi* decision is not new law. In fact, the decision was handed down by the United States Supreme Court more than 25 years ago, and criminal defendants across Kansas have often raised this issue. See *Vonachen*, 312 Kan. at 469.

So, this issue could have easily been presented to the district court—as it should have been. As the parties are aware, appellate courts are primarily designed to review decisions made by district courts and are normally not to be used as forums to introduce new questions that could have been resolved below. Moreover, allowing district courts

the initial opportunity to address and resolve such issues promotes judicial economy and allows for the creation of an adequate record for review. See *J.L.J.*, 318 Kan. at 740-41.

Certainly, appellate courts may exercise judicial discretion to decide issues that were not presented before the district court. But under the circumstances presented in this case, we are not required to do so. Because Davis has failed to preserve his constitutional *Apprendi* challenge by not raising it before the district court despite having an opportunity to do so—and because he has not explained that failure—we dismiss this appeal for lack of preservation.

Appeal dismissed.